Green, J.
delivered the opinion of the courti
This bill is brought to redeem a negro girl Caroline, which fcomplainant alleges he had mortgaged to the defendant to secure to him the payment of certain sums paid by defendant to the creditors of complainant. The answer denies that the negro was mortgaged, and insists that defendant purchased the girl for a full price, and took from complainant an absolute bill of sale. The proof shows that defendant had advanced fconiplainant some money, and that he took an absolute bill of sale for the girl, agreeing to advance other monies in payment of complainants debts, to the amount of $250. It was also agreed that the complainant should be permitted to redeem the girl in six months from the date of the bill of sale. We have no doubt from the facts in this case, but that the negro was taken by the defendant as a security for the money he had advanced, and if so taken, it is well settled that the contract *380 shall be valid and effectual as a mortgage as between the parties, although the mortgagee took a deed absolute on its face, and registered it asa deed. Nor does the fact' that the de-feasance rests in parol, alter the questionfor if such Was the real understanding of the parties, it may be established by pa-rol evidence. 4 Kent’s Com. 142; Ocerton vs. Bigelow, 3 Yer. Rep. s13: Hammond vs. Hopkins, 3 Yer. Rep. 535: 4 John. Ch. Rep. 567: Hickman vs. Cantrell, 9 Yer. Rep. 172.
2. But as more than three years elapsed' front the time limited in the contract for the redemption to be made, before this bill was filed, it is insisted' that the statute of limitations-is a bar to the redemption sought. In the case of Overton vs. Bigelow, 3 Yer. Rep. 513, this court expressly decided that the statute of limitations cannot be pleaded to a bill to redeem a mortgage.
The right to redeem, says the court, can only be enforced in a court of equity, and in such cases the statute of limitations is no bar. 20 John. Rep. 525: 4 Kent’s Com. 180. The cases in the English books are by no means uniform in regard to the application of the statute of limitations to a bill to redeem a mortgage. Twenty years is the time limited by courts of equity, within which a'mortgage may be redeemed; ¿nd as that is the time fixed by the statute of limitations, it has some times been said that the right of redemption is barred by the statute of limitations. But it is manifest that those judges who have used this language, have been negligent as. to their mode of expression, and do not- state with precision the ground upon which the bar is placed. Their statute of limitations of twenty years “is assumed as a fit and proper ground for taking the length of possession therein mentioned as the presumption of right. 4 Kent. 187. This, Chancellor Kent says, is the general doctrine in England and in this country, in respect fo remedies in equity.”
in- those States of the Union where the time fixed by the statute of limitations is twenty years, the courts of equity have taken the same time “as the presumption Of right” in a mortgagee. But we know of no case, either in this State or any of the other States, where the statute of limitations is for a *381 shorter period, that the courts of equity have reduced the lime r _ ’ ^ J _ within which a mortgage may be redeemed to that period.
The mortgagee is a trustee for the mortgagor. Angel on Lim. 123. His right is consistent with that of the mortgagor, nor does he hold adversely to him. The mere fact that the mortgagee holds possession of the property mortgaged, will not bar the equity of redemption, unless it has been held so long as to afford-a “presumption of right.” So great a favorite with the courts of equity has the equity of redemption grown, and so highly is it cherished and protected, that it has become a maxim, “once a mortgage and always a mortgage.” We therefore re-affirm the doctrince laid down in the case of Overton vs. Bigelow, that equity does not permit the statute of limitations to be pleaded to the relief which it affords to the right of redemption, but that it discountenances stale demands.
3. But it is said, that the defendant denied the right of the Complainant to redeem, and refused to receive the money tendered by his agent, and that from the time of such denial and refusal, he held adversely to the complainant, and that the statute-will run from the time such adverse holding commenced. If this were the case of a direct trust, the mere denial of the right of the ceslui que trust, would not be sufficient to protect the trustee by the statute of limitations; he must show that the ceslui que trust knew that he was holding adversely, and for himself, and not as trustee.’ It does not appear from the evidence in this case, that Yarbrough had any knowledge tha't the defendant denied his right to redeem. Niblett, the only witness who speaks «pon that subject says, that he tendered $250, to the defendant as the agent of the complainant, and that Newell stated, the complainant had a right tore-deem but the time had expired.” Phipps says that Newell said, “he had affirm bill of sale of the negro, and that no one but Yarbrough could redeem, or that he would not receive it from any body else. ” Take this testimony together, and it would seem that though the defendant would not receive the money from Niblett, yet it did not follow that he would not have received it from Yarbrough. But without putting any stress upon this view of the subject, it is enough to say, that so *382 far as the proof informs us, it does not appear that Yarbrough -was informed of Newell’s denial of his right bf redemption. It is true, Niblett was his agent to tender the money, and it is also true, that in most cases notice to the agent is notice to the principal. But here the agent had no authority to sue for the negro. When he tendered the money he had discharged his agency. In such a case, this court, in the case of Duke vs. Harper, 6 Yer. Rep. 280, decide that notice to the agent is not sufficient. Judge Catron in delivering the opinion of the court says, “it is going far enough to say, Duke was holderi out so soon as he had knowledge Harper claimed adversely, and that this knowledge was equal to an actual turning out or holding out, on an attempt to enter for the forfeiture; but to hold that the refusal to pay rent to Tribble who had no authority to enter upon the land, or sue for it in Duke’s name, is evidence of an actual ouster of Duke, is not warranted by any authority.” In that case, Harper was Duke’s tenant, and Tribble was Duke’s agent to receive the rent. Harper had disclaimed Duke’s title, and refused to pay rent to Tribble more than seven years before the suit was brought. The principle is that to change the relations of the parties in such cases, there must be actual personal knowledge that the possessor Is holding adversely and for himself. Constructive notice will not be sufficient.
The result of the foregoing discussion is, that the mere fact of the possession of the mortgaged property by the mortgagee, will not authorise him to plead the statute of limitations, but we do not determine that, an open adverse holding by the mortgagee, which is known to the mortgagor, will not operate a bar to the redemption within the time fixed by the statute of limitations.
That question not arising in this cáse, it is left open for future consideration.
Let the decree be affirmed.
Decree affirmed.